THOMAS PAIGE *v.* WILLIAM Y. RIPLEY.

P. and R. being about to complete a contract for the sale of lands,
P. agreed to pay R. one dollar per hour for all the time he should detain
him, in closing the contract, beyond a given period ; Held, that such con-
tract was not *nudum pactum*, but operative upon the parties, and that
R. might recover, in an action on book, for the time he was detained, ac-
according to the rate of compensation fixed by the agreement of the
parties.

THIS was an action of book account, in which a judgment
to account was rendered by the county court, and auditors
were appointed, who, afterwards, made a special report of
the facts found by them, relating to the accounts of the par-
ties, and, among other things, reported, that " the defendant
exhibted the following account, in offset to the plaintiff's ac-
count, viz : ' January 9, 1837. To ten hours delay, as
agreed, $10,00 ;' which item was allowed, it being proved
that on the seventh day of January, 1837, in consideration
that the defendant would remain in Rutland until the ninth
day of January, 1837, for the purpose of closing certain
contracts for the sale of real estate, the plaintiff promised to
pay the defendant one dollar an hour for every hour he should
delay the defendant, after nine o'clock in the forenoon of said
day, in completing·said contract ; and it appeared that the
defendant was thus delayed ten hours, to wit, from the hour
of nine o'clock in the forenoon, until seven o'clock in the
evening of said day."

. The auditors found nothing due to either party. The
plaintiff objected to the acceptance of said report, alleging
that the auditors had improperly allowed to the defendant the
said item of ten dollars. But the county court overruled the
objection, accepted the report, and rendered a judgment in
favor of the defendant.

The plaintiff excepted to the decision of the county court.

*R. R. Thrall*, for plaintiff.

The plaintiff contends that the auditors were wrong in
allowing the item. charged in the defendant's account, of ten
dollars, for ten hours delay in closing certain contracts be-
tween the parties for the sale of real estate.

I.   For the reason that the auditors do not find that it was
worth ten dollars, or that it was that much damage to the

defendant, and without such finding the charge was improperly allowed. It was a *nudum pactum*. If it was allowed as a penalty on the plaintiff, it would hardly constitute a proper charge on book, inasmuch as the auditors were not authorized to exercise chancery powers, to chancer the debt to the amount justly due.

II.  It does not appear that the delay of ten hours was solely occasioned by the plaintiff. For aught, that appears by the report, the delay may have been solely occasioned by the defendant himself and without any fault on the part of the plaintiff, and in that case, most assuredly, the charge was improperly allowed.

*E. F. Hodges*, for defendant.

The defendant contends that the report should stand.

I.  Because the auditors find a contract and a consideration for it.              ,

2.  That the court will not enquire into the adequacy of the consideration where the contract is proved.

The opinion of the court was delivered by

Bennett, J.—The only question raised on the hearing, was, as to the allowance of the item of $10, in the defendant's account. The case shows that the parties were about to close a contract for the sale of some real estate, and the plaintiff agreed with the defendant to pay him one dollar per hour for all the time which he should delay him, in completing the contract, after a given time, and the auditor reports that he was delayed ten hours, for which he allows him ten dollars. The parties saw fit to fix the rate of compensation, by their agreement, and there can be no pretence that it was *nudum pactum*. It was an agreement to pay the defendant a consideration for his time. The parties, in this case, being both able and willing to contract, and having actually contracted for a valuable consideration, this court cannot, in the absence of all fraud, set such contract aside. It was held, in the case of *Brown* v. *Sawyer*, 1 Aik. R. 130, that gross inadequacy in the consideration of a contract, was evidence from which a jury might infer fraud, in a case where there are no circumstances to rebut such a presumption. This, of course, would be a question for the auditors ; but this evidently is a case free from all fraud. The plaintiff having

agreed to pay the defendant for his time, there is no reason why it may not be charged on book. The special contract, as to the rate of compensation, cannot have the effect to exclude the right. The judgment of the county court is affirmed.