Devecmon *vs.* Shaw & Devries, Ex'rs.

---

John Semmes Devecmon *vs.* Alexander Shaw, and Christian Devries, Executors of John S. Combs.

*Contract — Consideration — Assumpsit — Pleading — Action against Executors—Evidence—Books of Deceased—Interest.*

An expenditure of one's own money for his own benefit under an express promise of another person to repay the amount, is a sufficient consideration for such promise.

Where in such case the promisee has performed his part of the contract and nothing remains to be done but the payment of the money by the promissor, there may be a recovery in *indebitatus assumpsit*, and it is not necessary to declare on the special contract.

In an action against executors to recover moneys alleged to have been due from their testator in his life-time, the plaintiff claimed an item of interest. The only evidence upon that sub-

Devecmon *vs.* Shaw & Devries, Ex'rs.

ject was an account taken from the books of the deceased, offered
in evidence by the plaintiff, which contained no mention of in-
terest, and showed on its face a final settlement of all matters
embraced in it. HELD:

That in the absence of proof showing errors of some kind the
parties must be concluded by the account in all respects; and the
claim for interest could not be maintained.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court. The
account of the decedent, referred to in the opinion, con-
tained no mention of interest.

The cause was argued before ALVEY, C. J., STONE,
BRYAN, and McSHERRY, J.

*J. Semmes Devecmon,* and *Ferdinand Williams,* for the
appellant.

*A. Hunter Boyd,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

John Semmes Devecmon brought suit against the
executors of John S. Combs, deceased. He declared
in the common counts, and also filed a bill of particu-
lars. After judgment by default, a jury was sworn to
assess the damages sustained by the plaintiff. The
evidence consisted of certain accounts taken from the
books of the deceased, and testimony that the plaintiff
was a nephew of the deceased, and lived for several
years in his family, and was in his service as clerk for
several years. The plaintiff then made an offer of tes-
timony, which is thus stated in the bill of exceptions:
"That the plaintiff took a trip to Europe in 1878, and
that said trip was taken by said plaintiff, and the
money spent on said trip was spent by the said plaintiff

at the instance and request of said Combs, and upon a promise from him that he would reimburse and repay to the plaintiff all money expended by him in said trip ; and that the trip was so taken and the money so expended by the said plaintiff, but that the said trip had no connection with the business of said Combs; and that said Combs spoke to the witness of his conduct in being thus willing to pay his nephew's expenses as liberal and generous on his part." On objection, the Court refused to permit the evidence to be given, and the plaintiff excepted.

It might very well be, and probably was the case, that the plaintiff would not have taken a trip to Europe at his own expense. But whether this be so or not, the testimony would have tended to show that the plaintiff incurred expense at the instance and request of the deceased, and upon an express promise by him that he would repay the money spent. It was a burden incurred at the request of the other party, and was certainly a sufficient consideration for a promise to pay. Great injury might be done by inducing persons to make expenditures beyond their means, on express promise of repayment, if the law were otherwise. It is an entirely different case from a promise to make another a present; or render him a gratuitous service. It is nothing to the purpose, that the plaintiff was benefited by the expenditure of his own money. He was induced by this promise to spend it in this way, instead of some other mode. If it is not fulfilled, the expenditure will have been procured by a false pretence.

As the plaintiff, on the theory of this evidence, had fulfilled his part of the contract, and nothing remained to be done but the payment of the money by the defendant, there could be a recovery in *indebitatus assumpsit*; and it was not necessary to declare on the

Devecmon *vs.* Shaw & Devries, Ex'rs.

special contract. The fifth count in the declaration is for "money paid by the plaintiff for the defendants' testator in his life-time, at his request." In the bill of particulars, we find this item: "To cash contributed by me, J. Semmes Devecmon, out of my own money, to defray my expenses to Europe and return, the said John S. Combs, now deceased, having promised me in 1878 'that if I would contribute part of my own money towards the trip, he would give me a part of his, and would make up to me my part,' and the amount below named is my contribution, as follows, etc." It seems to us that this statement is a sufficient description of a cause of action covered by the general terms of the fifth count. The evidence ought to have been admitted.

The defendants offered the following prayer, which the Court granted:

"The defendants, by their attorneys, pray the Court to instruct the jury, that there is no sufficient evidence in this case to entitle the plaintiff to recover the interest claimed in the bill of particulars, marked, 'Exhibit No. 1, Bill of Particulars.'"

The only evidence bearing on this question is the account taken from the books of the deceased, which was offered in evidence by the plaintiff. This account showed on its face a final settlement of all matters embraced in it. In the absence of proof showing errors of some kind, the parties must be concluded by it in all respects. We think the prayer was properly granted.

*Judgment reversed, and*
*new trial ordered.*

(Decided 13th of June, 1888.)