[No. 2729. Decided April 21, 1898.]

J. A. HOSHOR, *Appellant*, v. FANNIE B. KAUTZ *et al.*, *Respondents*.

CONTRACTS — ILLEGALITY OF CONSIDERATION — BURDEN OF PROOF.

In an action upon a written contract based upon a valid consideration, to which there was interposed an affirmative defense that the contract was based upon an illegal consideration, the burden of proof is on defendants, and judgment in their favor is unwarranted when there is no other proof of the illegality of the consideration than such as is contained in plaintiff's original answers to interrogatories, and these answers at the time of trial had been explained and amended by the substitution of new answers showing the consideration to be the same as recited in the contract.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*J. T. Ronald, John E. Humphries, W. E. Humphrey,* and *E. P. Edsen,* for appellant.

*Josiah Collins,* and *Hastings & Stedman,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Action upon a written contract between appellant and A. V. Kautz, deceased, which was in substance that deceased agreed to pay $360 per year for four years in consideration of appellant's attending Stanford University in California as a student therein. Appellant alleges that he performed the terms of the contract and attended the university for four years. Deceased, during his lifetime, continued to pay the sum annually which he had agreed. After his death the respondents refused to make further payments. Respondents filed an answer denying the performance of the contract by appellant and denying that there was any consideration for the contract, but alleging that, if there was any consideration, it was illegal and void. The cause went to trial before a jury in the superior court, and, before the introduction of testimony, counsel for respondents admitted the performance of the contract, i. e., that appellant attended Stanford University as a student according to the terms of the contract, and tendered no proof of the illegality of the consideration, whereupon the superior court withdrew the cause from the jury and directed judgment to be entered in favor of appellant. Respondents had filed certain interrogatories calling for answers from the appellant and also moved for a new trial on the ground of errors in law, and accident and surprise occurring at the trial. The record does not disclose that any exceptions were taken by respondents at the trial, but an affidavit was filed by the respondents, on the part of counsel, to sustain the ground of accident and surprise. Possibly this affidavit may be sufficient. The superior court deemed it sufficient to warrant a new trial, and we have concluded, in view of the disposition that will be made of the case here, not to disturb the conclusion of the superior court upon the grounds for granting a new trial. Upon the granting of

the motion for a new trial respondents amended their answer and by such answer substantially the facts alleged in the complaint were admitted, except the consideration stated in the contract; but the answer, for affirmative defense, alleged that the consideration was illegal and void because against public policy, and stated the facts to be that appellant entered a competitive examination appointed by Mr. Doolittle, representative in congress from this state, to select candidates for appointments as cadets to the military academy at West Point and to the naval academy at Annapolis; that as a result of the examination the committee recommended three persons to Mr. Doolittle, the third of whom was Austin V. Kautz, a son of deceased, and that appellant was one of the candidates at the examination. The answer also states that after the examination Mr. Doolittle represented to deceased that he desired to appoint Austin V. Kautz to a cadetship at the naval academy, but also informed deceased that appellant was one of the three successful candidates at the competitive examination, and that Mr. Doolittle had promised to do something for appellant to enable him to get an education and that, if deceased would obligate himself to furnish funds sufficient to enable appellant to gain an education, he would appoint the son of deceased to the cadetship at the naval academy, whereupon, at the solicitation of Mr. Doolittle and in order to secure his son's appointment to the naval academy, deceased entered into the contract. The answer avers that the actual consideration was the obtaining from Mr. Doolittle by deceased the appointment of his son Austin to the naval cadetship and furnishing appellant a consideration such as would be sufficient to induce him to withdraw claims upon Mr. Doolittle for the appointment. There is an allegation also that appellant was above the legal age to enter the naval academy,

and that fact was unknown to deceased and Mr. Doolittle, and was wrongfully withheld by appellant from them, so that they did not know of his ineligibility to the appointment. The first answers to the interrogatories propounded by respondents to the appellant were before the court at the new trial, and appellant had also obtained permission to file amended answers to his interrogatories, which were before the court at that time. The amended answers to the interrogatories denied that there was any other consideration for the contract than that expressed therein. The original answers to the interrogatories had stated the consideration of the contract to be the appointment of Austin V. Kautz by Mr. Doolittle to the naval academy, and the withdrawal of appellant from the competitive examination. There was also in the record, included in the affidavit of counsel for respondents for new trial, a letter from Mr. Doolittle in which he denied explicitly having been moved by such consideration. The superior court entered judgment in favor of respondents and dismissing the cause at appellant's costs, at the new trial. There does not seem to be any evidence of the illegal consideration for the contract set out in the complaint. The only inference of such consideration is found in the original answers of appellant to the interrogatories propounded by respondents, but these answers are explained and the amended answers do not sustain such a theory. If the letter of Mr. Doolittle was considered, it does not sustain such a defense. The written contract states a consideration which is sustained by the amended answers of appellant and by the letter from Mr. Doolittle. The burden of proof of the defense was upon respondents. The contract sets forth a good consideration. We do not doubt that appellant's attendance as a student at Stanford University for four years was a good and sufficient consideration to support the contract, and upon his performance

he could compel the performance of the obligation on the part of the deceased and his representatives. It may be observed that the affirmative defense is such as does not appeal to a high moral sense in the circumstances surrounding the case here.

The cause is reversed and remanded for further proceedings in the superior court.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.