# LAURA C. BOYD YOUNG *vs.* EDNA HENDERSON BOYD.

*Evidence in Action for Accounting—Presumption as to Indebtedness—Promise to Pay One's School Expenses.*

In an action where the plaintiff claims that a certain sum was due by the defendant, and filed a bill of particulars setting forth the items of the indebtedness, and the defendant pleaded a set-off, and filed a bill of particulars containing the items of the set-off, evidence is admissible on the part of the plaintiff to show that some of the items in the defendant's account consisted of money which, although deposited in plaintiff's name, was subsequently paid to the defendant on plaintiff's checks upon the promise of the defendant to repay the same. Such evidence is not in conflict with the plaintiff's bill of particulars.

When plaintiff attended a certain school at the instance of defendant who promised to pay the plaintiff's expenses at the school and for her clothing, the promise is supported by a valuable consideration, and the plaintiff who paid the expenses with her own money, is entitled to recover the same.

The mere fact that one borrows a small sum of money from another promising to pay it in a short time, is not presumptive evidence that the lender was not at the time indebted on other accounts to the borrower, in a case where the property of the borrower was under the control of the lender.

*Decided March 5th, 1908.*

Appeal from the Court of Common Pleas (HARLAN, C. J.)

The cause was argued before BOYD, C. J., BRISCOE, PAGE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*John S. Young* and *Howard Bryant*, for the appellant, submitted the cause on their brief.

*Charles F. Harley* (with whom was *John B. A. Wheltle* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The declaration filed in this case by the appellee against the appellant contains six common counts. Upon demand, the plaintiff (appellee) filed a bill of particulars containing four items, amounting to $5,530.12. The defendant (appellant) filed the general issue pleas and one of set-off containing the common counts, including one for account stated. She also filed a bill of particulars which contained a number of items, amounting to $5,496.02. The items contained in the plaintiff's bill of particulars constituted a fund which she received from her grandmother's estate. She testified that the checks were payable to her and that she turned them over to the defendant to keep for her. There are only two bills of exception in the record—one presenting the action of the Court in overruling a motion to strike out the plaintiff's testimony, relative to three items which had been admitted subject to exceptions, and the other containing the rulings on the prayers.

The plaintiff testified that she went to Miss Mason's school at Tarrytown, New York, at the instance and request of the defendant, upon a positive promise by the latter that if the plaintiff would attend the school she would pay all her expenses and for all her clothing while there, and that she would not have gone to that school but for the promise and agree-

ment of the defendant. The record states that "seven witnesses testified on behalf of the plaintiff that each of them had heard the defendant admit that she was paying said expenses for such schooling and clothing." The plaintiff also testified that the defendant kept her bank-book and made out all checks which she (the plaintiff) signed upon direction of the defendant. The defendant's bill of particulars contains four items, being for $100, $500, $2,140.22 and $153.42, amounting to $2,893.64, which she claims she deposited with the Mercantile Trust and Deposit Company in the plaintiff's name.

One of the items included in the motion was $100, evidenced by a check dated September 20th, 1904, and payable to the order of O'Neill and Co. The plaintiff testified that that was for a bill due at O'Neill's by the defendant, who drew the check and told her to sign it, saying, "I will pay you back as soon as my interest money comes in." Another item was for $700, as evidenced by a check of May 6th, 1905, payable to the order of C. E. Mason. The plaintiff testified that the defendant sent her a letter, which she destroyed, enclosing the check for $700 and directing her to sign it and give it to the principal of the school—saying in the letter that she would pay it back as soon as she received her interest money. The other item was for $50, but we do not find from the record that evidence of such sum was admitted subject to exception, and therefore need not discuss it. There would seem to be no possible difficulty about these two items. Although the motion does not assign any reason for striking out the testimony as to them, the seventh prayer of the defendant was a renewal of the motion, and that asked the testimony to be stricken out because it did not "tend to sustain the cause or causes of action of the plaintiff as set out in her amended bill of particulars filed the —————— day of May, 1907, and for other reasons." The record shows that in the testimony of the plaintiff, as to the defendant's bill of particulars, when she reached the four items claimed to have been deposited in the Mercantile Trust and Deposit Company she demanded of the defendant "the production of the bank-book, check-book

and checks making up said four items," and thereupon the defendant "produced said bank-book, check-book and twelve checks, the said twelve checks aggregating the sum of said four items in said defendant's bill of particulars, to wit, $2,893.64 and constituting the fund [thus deposited in the Mercantile Trust and Deposit Company and claimed in the defendant's evidence, but not in her bill of particulars, to be in the name of the plaintiff." The plaintiff then referred to each of said twelve checks and denied her liability for the $100 and the $700, for the reasons above stated.

Her bill of particulars charged the defendant with cash received from the administrator of the estate of Frances A. Boyd, trustee, $1,622.61, with cash received from the trustee in an equity cause mentioned, $3,515.64, with share of commissions presented by Clarence J. Boyd to plaintiff, $177.98, and with additional cash received from the administrator of Frances A. Boyd, $213.89, making in all $5,530.12. The defendant in her bill of particulars charged the plaintiff with the last two items as deposited in the Central Savings Bank with the four items in the Mercantile Trust and Deposit Company and a number of other items. The defendant was therefore attempting to get credit for the $5,530.12 to the extent of the items in her bill of particulars, and when she claimed that she had deposited the $2,893.64 to the credit of plaintiff, thereby seeking to get credit for that sum and produced the bank book, check book and the twelve checks, the plaintiff refused to allow her credit for the whole of the $2,893.64 because she had used, as shown above, the $100 and the $700 for her own benefit and had not replaced those amounts in that account. The plaintiff was therefore not attempting to recover any thing which was not included in her bill of particulars, but was objecting to the defendant being allowed those two sums on the ground that they were included in the deposits made by her, because she claimed the defendant had used them for her own benefit. In other words, the plaintiff sought to show that the defendant was not entitled to a credit or all of the $2,893.64, which included four items in her bill

of particulars, because she had used $800 of the amount for her own purposes. It is therefore unnecessary to discuss other grounds, suggested by the appellee, to sustain the action of the Court on the motion to exclude the testimony as we are of the opinion that it was properly overruled.

The plaintiff offered two prayers which were granted, and the defendant offered six—the first and second being conceded, the third and fourth granted and the fifth and sixth rejected. The bill of exceptions states that the defendant excepted to the granting of the plaintiff's prayers and to the rejection of her sixth. There is also one in the record marked "Defendant's Prayer No. 7," but it is simply a repetition of the motion to strike out the testimony which has already been considered and does not appear by the record to have been excepted to. The plaintiff's first prayer is as follows: "If the jury find by a preponderance of the evidence that Edna Henderson Boyd went to Miss Mason's school at the instance of the defendant and upon a promise by said defendant that her expenses at such school were to be paid by the defendant, then the defendant is not entitled to be allowed by way of set-off such expenses or any part of them." The second was to the same effect, excepting it applied to the plaintiff's clothing while attending said school. There can be no question about the right of the plaintiff to hold the defendant for such expenses, if the jury found the facts in favor of the former. In *Devecmon* v. *Shaw*, 69 Md. 199, the plaintiff took a trip to Europe, at the instance and request of the defendant's testator, upon the promise by him that he would reimburse and repay plaintiff all money expended by him on said trip. The plaintiff spent his own money on the trip and afterwards sued to recover the amount so expended. This Court held he was entitled to recover upon proof of such facts. It was said in the opinion, in speaking of the offer of testimony by the plaintiff to sustain his contention, that: "It might very well be, and probably was the case, that the plaintiff would not have taken a trip to Europe at his own expense. But whether this be so or not, the testimony would have tended to show that the plaintiff

incurred expense at the instance and request of the deceased, and upon an express promise by him that he would repay the money spent. It was a burden incurred at the request of the other party, and was certainly a sufficient consideration for a promise to pay. Great injury might be done by inducing persons to make expenditures beyond their means on express promise of repayment, if the law were otherwise * * *. .It is nothing to the purpose that the plaintiff was benefited by the expenditure of his own money. He was induced by this promise to spend it in this way instead of in some other mode. If it is not fulfilled the expenditure will have been procured by a false pretence." It was further held that where the promisee had performed his part of such contract and there was nothing to be done but the payment of the money by the promissor, there could be a recovery in *indebitatus assumpsit,* and it was not necessary to declare on the special contract.

In *Ellicott* v. *Peterson,* 4 Md. 476, our predecessors held that an agreement by a grandfather to pay to the plaintiff whatever expenses he might incur for the support, maintenance and education of two of the former's grandchildren was not within the fourth section of the Statute of Frauds, because the death of the children was a contingency which might happen within a year, and the agreement was one which might be performed within a year. It was also held that such an agreement, not being a collateral but an original undertaking, was not within the clause of the statute relating to "any special promise to answer for the debt, default or miscarriage of another," and that where the contract had been fully executed, and nothing remained to be done but the payment of the money, it was not necessary to declare upon it specifically, but the plaintiff could recover upon the common counts. That case has frequently been cited with approval by this Court, and without further reference to the authorities we are of the opinion that the two prayers of the plaintiff were properly granted.

Although the brief of the appellant refers to her fifth and sixth prayers, the record does not show that any exception

was taken to the rejection of the former, and we will therefore confine our discussion to the sixth.   It asked the Court "to instruct the jury that if they believe from the evidence that the plaintiff borrowed from the defendant on the 23rd day of December, 1905, the sum of eleven dollars, as evidenced by the due bill of the plaintiff offered in evidence, promising to return or to repay the same when she, the plaintiff, returned from Pittsburg, then the jury are instructed that this is presumptive evidence that the defendant was not indebted to the plaintiff at that time, to wit: 23rd day of December, 1905."

Such a prayer would be dangerous and calculated to mislead the jury under most circumstances, but under the facts of this case it would have been manifest error to have granted it.   It seems to have been based on the fact that in the summer of 1905 the plaintiff demanded of the defendant an accounting, whereupon the defendant rendered her an account by which she claimed to owe her only $309.02, for which she gave her a check—telling her, as the defendant claims, that if there was anything she did not understand about the statement she, the defendant, would explain it to her.   In the statement the defendant only charged herself with $2,564.29, including $34.07 of interest, and $118.80, instead of $5,530.12, the amount claimed in the plaintiff's bill of particulars, and the balance was reduced to $309.02 by crediting herself with, "Paid mortgage of $1,950.00."   In the original bill of particulars filed by the defendant there was an item of "cash invested on mortgages in Harford Co., $1,950.00," but in her amended bill of particulars that was omitted, and for the first time the four deposits with the Mercantile Trust and Deposit Company amounting to $2,893.64 appeared.   It was not claimed in the amended bill of particulars, or suggested in the evidence, that the defendant was entitled to the $1,950, which she credited herself with in the statement furnished the plaintiff in the summer of 1905, and without that credit she owed the plaintiff $2,259,02, instead of only $309.02, if the statement was otherwise correct.

But that is by no means all.   The defendant admitted on

the stand that she still owed the plaintiff $134.10, and yet the prayer asked the Court to say that the loan of eleven dollars on December 23rd, 1905, was presumptive evidence that she was not indebted to the plaintiff at that time. And in addition to that, the defendant testified that she had opened with the Mercantile Trust and Deposit Company two accounts containing parts of the fund in controversy, one in the name of the plaintiff and the other in her own name; that "both accounts were absolutely controlled by the defendant, and that the plaintiff did not withdraw any sums from the account in her name of her own accord;" that "the bank-book and check-book of said accounts were kept by said defendant, and that all checks were drawn by the defendant, and by her presented to the plaintiff for her signature;" that the plaintiff "did as she was directed by the defendant in relation to signing said checks;" that plaintiff did not and could not draw on the account in her name except through the defendant, "and that the facts as to this account were in the possession of the defendant and not the plaintiff, and that the plaintiff was too ignorant and deficient to draw a check." We have thus quoted from the record more at length than was perhaps necessary, but we did so because we deem that testimony of the defendant herself as complete an answer to the contention made for her in respect to this prayer as could be furnished. The plaintiff may have had ample means to avoid the necessity of borrowing the small sum of $11.00, but her money was under the absolute control of the defendant and she could not get it "except through the defendant." The sixth prayer was therefore properly rejected, and we might add that the fifth was also, although that is not before us for review. The ruling on the seventh was not excepted to, but we have already expressed our views on that, in passing on the motion to exclude the testimony. The judgment will be affirmed.

> *Judgment affirmed, the appellant to pay*
> *the costs above and above.*