STREET et. al. v. GALT.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. CONTRACTS (§ 50*)—"CONSIDERATION"—WHAT CONSTITUTES.

There is a sufficient "consideration" for a contract, if the promisee in return for the promise does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 222; Dec. Dig. § 50.*

For other definitions, see Words and Phrases, vol. 2, pp. 1444–1449; vol. 8, p. 7612.]

2. INDEMNITY (§ 3*)—CONTRACT—VALIDITY—CONSIDERATION.

Defendant sold plaintiffs a quantity of No. 1 "unfading green" roofing slate for export. Plaintiffs paid defendant for the slate, and before its arrival contracted to sell it to C. & Sons, who paid plaintiffs therefor. On arrival C. & Sons claimed that the slate was inferior, and refused to accept it, unless an allowance was made, whereupon plaintiffs communicated with defendant, who instructed plaintiffs not to make any allowance, and that he would make good any loss plaintiffs incurred in taking such action. They gave such notice, the slate was refused, and plaintiffs there-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after sold the slate to others at a considerable loss. *Held,* that defendant's contract to indemnify plaintiffs was based on a sufficient consideration.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 4; Dec. Dig. § 3.*]

3. INDEMNITY (§ 12*)—CONTRACT—RELEASE.

Defendant was not released from his indemnity contract by plaintiffs' repayment of the purchase price to C. & Sons, which was necessarily involved in permitting them to cancel their contract; nor was it material that defendant did not know, when his promise was made, that C. & Sons had paid plaintiffs for the slate.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 12.*]

Appeal from Trial Term,, Richmond County.

Action by William A. Street and others against Clarence H.. Galt. Judgment for plaintiffs. From an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, CARR, and THOMAS, JJ.

Walter C. Anthony, for appellant.
William Allaire Shortt, for respondents.

BURR, J. In March, 1905, defendant sold to plaintiffs a quantity of No. 1 "unfading green" roofing slate for export to Australia, and a few days afterward received the purchase price. Before the arrival of the slate at Sydney plaintiffs made a contract for the sale thereof to the firm of Cary & Sons, who paid for the same. Upon arrival, when the slates were unloaded, they were examined by the purchasers, who immediately notified plaintiffs that they were of an inferior quality to that known as No. 1 "unfading green," and that they would not accept them unless an allowance should be made on that account. Plaintiffs thereupon communicated with the defendant. There is a conflict of evidence as to what occurred at that interview. The jury have found that plaintiffs' version thereof is correct. We do not feel called upon to interfere with their finding. At that interview this in substance occurred:

Plaintiffs notified defendant that Cary & Sons refused to accept the slate unless a liberal allowance was made. Defendant stated that he was averse to making any allowance to plaintiffs in order that they might make an allowance to Cary. He thought it an excellent opportunity to teach Cary a lesson, by refusing to allow him to have the slates. In other words, he advised that Cary should be called upon to either accept or reject the slates as they stood. Thereupon plaintiffs said to defendant:

Are we to understand "that you assume all responsibility in connection with the rejection of these slates? In event of the slates being rejected by Cary, will you stand behind us and make good any loss which we may incur in taking such action, and in finding a buyer afterwards for the slates?"

Defendant said that he would, and plaintiffs thereupon said:

"Then we understand that we are to send a message to Sydney to that effect, and that hereafter we are to act to all intents and purposes as your agents in connection with these slates?"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Defendant said that they might send the message, and thereupon they did so. Cary & Sons refused to accept the slate. Plaintiffs thereupon used their best endeavors to dispose of it, and finally did so, but at considerable loss, to recover which this action is brought.

Defendant claims that there was no express warranty on his part that the slates in question were of the quality known as No. 1 "unfading green," and that as plaintiffs had a convenient opportunity before the goods were shipped to Australia to examine them, and consented to their shipment and paid for them, these acts amounted to acceptance on their part, so that if there was any implied warranty on their part it did not survive. Without deciding, we may concede, for the sake of argument, that defendant's contention in these respects is sustained. But the basis of plaintiffs' recovery here is not a warranty, either express or implied, in connection with the sale by defendant to them. If there was a sufficient consideration for defendant's promise that he would make good any loss which plaintiffs might sustain if they should notify Cary & Sons that they must either accept or reject· the slate as it stood, and Cary & Sons thereafter did reject the same, then plaintiffs are entitled to recover, since notification and rejection were clearly established, as well as loss resulting therefrom. It constitutes a sufficient consideration to support a contract if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do. 9 Cyc. 312; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693; Wolford v. Powers, 85 Ind. 294, 44 Am. Rep. 16; Earle v. Angell, 157 Mass. 294, 32 N. E. 164; Eaton v. Libbey, 165 Mass. 218, 42 N. E. 1127, 52 Am. St. Rep. 511; Talbott v. Stemmons' Ex'r, 89 Ky. 222, 12 S. W. 297, 5 L. R. A. 856, 25 Am. St. Rep. 531; Devecmon v. Shaw, 69 Md. 199, 14 Atl. 464, 9 Am. St. Rep. 422; Steele v. Steele, 75 Md. 477, 23 Atl. 959.

At the time when the defendant's promise was made, plaintiffs had received from Cary & Sons the purchase price of the slate. Whether the latter had any valid claim against them depended upon a variety of circumstances, as, for instance, what the quality of the slate really was; what the nature of the contract between plaintiffs and Cary & Sons was; whether, if the latter had any claim growing out of said contract, it had been waived; and, if they had any valid claim, the extent thereof was at that time unknown. Defendant, in effect, asked plaintiffs to completely change their position, to refrain from asserting their legal rights under their contract of sale with Cary & Sons, and to consent that such contract might be canceled. It may be that defendant's motive may be found in his belief, as indicated in the testimony offered on the part of the plaintiffs, that in his opinion Cary & Sons' objections were insincere, and that, if required to do so, they would take the slate as it was, or, if they did not, it could be disposed of at a higher price and without loss. Whatever the motive may have been, we have the promise, and a complete change of position by the plaintiffs on the strength of it. Such promise was not a naked one.

Neither is there any force in defendant's contention that, if the promise had any validity, he was released therefrom by plaintiffs' repayment of the purchase price to Cary & Sons. That was in accord

with the very thing which defendant asked plaintiffs to do. Allowing Cary & Sons to cancel the contract necessarily implied return to them of the consideration received therefor. Even though the defendant did not know at the date of the promise that such payment had been made, this would not affect the question. Plaintiffs did not deceive him by any fraudulent concealment or misrepresentation, and there is nothing to indicate that defendant's conduct would have been in any way influenced by such knowledge.

The judgment and order appealed from should be affirmed, with costs. All concur.