MAE L. BREARTON, Appellant, *v.* CORA E. DE WITT et al., as Executors of ELDEN C. DE WITT, Deceased, Respondents.

(Argued January 6, 1930; decided February 11, 1930.)

*William R. Willcox* and *Bernard H. Sandler* for appellant. The contract is not personal on the part of respondents' testator, but even construing it as such, his obligation is founded on a consideration fully executed on appellant's part so that his death does not abate the cause of action. (Decedent Estate Law, § 16; *Holsman* v. *St. John*, 90 N. Y. 461; *Price* v. *Price*, 75 N. Y. 244;

*Potter* v. *Van Vranken,* 36 N. Y. 619; *McGregor* v. *McGregor,* 35 N. Y. 218; *McNulta* v. *Huntington,* 62 App. Div. 297.) The contract is based upon a valid consideration and no element of gift is present. (*Hamer* v. *Sidway,* 124 N. Y. 538; *Meade* v. *Poppenberg,* 167 App. Div. 411; *Werner* v. *Werner,* 169 App. Div. 9; *Overton* v. *Williams,* 139 App. Div. 177; *Bean* v. *Trust Co.,* 136 App. Div. 69; *Carlill* v. *Carbolic Smoke Ball Co.,* [1892] 2 L. R. 484; *Adams* v. *Hannes,* 62 Barb. 326; *Devicmon* v. *Shaw,* 69 Md. 199; *Paige* v. *Ripley,* 12 Vt. 289; *Hoshor* v. *Kautz,* 19 Wash. 258; *Young* v. *Boyd,* 107 Md. 449; *Budgett* v. *Stratford Soc.,* 32 I. L. R. 378.) The contract was not illegal, void or against public policy. (*People* v. *Allcutt,* 117 App. Div. 546; 189 N. Y. 516; *People ex rel. Lederman* v. *Warden of City Prison,* 168 App. Div. 240.)

*Caruthers Ewing* for respondents. The contract was illegal and against public policy. (*Harmon* v. *Peats Co.,* 243 N. Y. 473; *Foley* v. *Speir,* 100 N. Y. 552; *Leonard* v. *Poole,* 114 N. Y. 371; *Cummings* v. *Union Blue Stone Co.,* 164 N. Y. 401; *Sternaman* v. *Metropolitan Life Ins. Co.,* 170 N. Y. 13; *Wood & Selick* v. *Ball,* 190 N. Y. 217; *Hart* v. *City Theatres Co.,* 215 N. Y. 322; *Manson* v. *Curtis,* 223 N. Y. 313; *Carthage T. P. Mills* v. *Village of Carthage,* 200 N. Y. 1; *Fox* v. *Dixon,* 58 Hun, 605; *Accetla* v. *Zupa,* 54 App. Div. 33.) The alleged contract imposed no obligation on either party thereto and neither had a right of action for a breach thereof. (*Willetts* v. *Sun Mut. Ins. Co.,* 45 N. Y. 45; *Hamer* v. *Sidway,* 124 N. Y. 538; *Grossman* v. *Schenker,* 206 N. Y. 466; *Levin* v. *Dietz,* 194 N. Y. 376; *Jermyn* v. *Searing,* 225 N. Y. 525; *Schlegel Mfg. Co.* v. *Cooper's Glue Factory,* 231 N. Y. 460; *Heller* v. *Pope,* 250 N. Y. 132; *Heyman, Cohen & Sons* v. *Lurie Woolen Co., Inc.,* 232 N. Y. 112.) Unless there was a contract imposing mutual obligations, the facts indicate a promise to make monthly gifts. (*Harris* v. *Clark,* 3

N. Y. 93; *Wilbur* v. *Warren*, 104 N. Y. 192; *Matter of James*, 146 N. Y. 78.) The contract contemplated the continued existence of both parties thereto. (*Lorillard* v. *Clyde*, 142 N. Y. 456; *Babbitt* v. *Gibbs*, 150 N. Y. 281; *Herter* v. *Mullen*, 159 N. Y. 28; *Cameron-Hawn Realty Co.* v. *Albany*, 207 N. Y. 377; *Nitro Powder Co.* v. *Agency of Can. Car & T. Co.*, 233 N. Y. 294; *Edison El. Ill. Co.* v. *Thacher*, 229 N. Y. 172; *Ehrenworth* v. *Stuhmer & Co.*, 229 N. Y. 210; *Guirizinski* v. *American Radiator Co.*, 222 N. Y. 85; *Ziehen* v. *Smith*, 148 N. Y. 558; *Delaware Trust Co.* v. *Calm*, 195 N. Y. 231; *Rosenthal P. Co.* v. *National Folding B. & P. Co.*, 226 N. Y. 313.)

CRANE, J. The complaint in this action, as supplemented by the bill of particulars, has been held to be insufficient, as not stating a cause of action, and by a motion made on the pleadings has been dismissed. The allegations, no doubt, present a peculiar case, which upon a trial may not prove to be the facts, or else by reason of other circumstances, carry an entirely different meaning. Nevertheless, the legal principles to be applied to the complaint are old and well understood.

The plaintiff states a cause of action on contract, wherein she alleges the consideration, the performance upon her part, partial performance by the deceased and his subsequent breach. On its face the pleading states a cause of action.

The facts as related are these: For six years prior to the 9th day of December, 1925, the plaintiff had suffered from a dangerous illness and disease, which from the bill of particulars proved to be syphilis. This disease was the direct result and consequence of dangerous injections, inoculations of germs administered to her by the deceased, Elden C. De Witt. In consequence of thus inoculating the plaintiff with these syphilis germs, the deceased, on the 9th day of December, 1925, made an

agreement with her tending to and aiming at a cure or relief from her suffering, and a recognition of his responsibility therefor. Plaintiff on her part promised to do certain things. She promised to give up her position, by which she earned her living. She was a saleswoman in the fur department of B. Altman & Co., New York city, receiving forty dollars a week. She kept her promise and left the place. She promised to isolate herself from all society and friends, and carried out this obligation by resigning from active membership in the First Church of Spiritual Communion, of which she was vice-president, and arranging to relinquish a rooming-house which she was conducting at 112 Riverside drive. A further act was promised and performed. The plaintiff was required by her agreement to submit herself to the direction and control of Elden C. De Witt for the treatment and cure of her disease. This obligation she kept by attending the Vanderbilt Clinic on various occasions at De Witt's direction, and taking treatment, salves and medicines administered by him or by persons under his supervision. At all times she held herself ready to do and to go as directed or requested by the deceased. She went to Florida for a two months' rest, at his request.

What was Elden C. De Witt to do for the plaintiff? He promised by the agreement to pay the plaintiff $1,000 a month for the rest of her natural life, and he kept his promise for the period of five months, or up until May of 1926. Thereafter he failed to meet these payments, and died the 29th day of March, 1927. At the time of his death there was due and owing to the plaintiff $1,000 a month for ten months, or $10,000, and this action is brought not only for this sum, but against the executors of De Witt's estate for damages resulting from his breach of contract.

This analysis shows an agreement on the part of De Witt to pay the plaintiff $1,000 a month during her life, in consideration for her promise to do and perform

some very substantial things. The plaintiff kept her promise and performed her part of the contract up to the death of De Witt, and if the allegations be true, and the contract legal, she would have her remedy. (*Werner* v. *Werner*, 169 App. Div. 9; *Adams* v. *Honness*, 62 Barb. 326; *Devecmon* v. *Shaw & Devries*, 69 Md. 199; *Paige* v. *Ripley*, 12 Vt. 289; *Hoshor* v. *Kautz*, 19 Wash. 258; *Carlill* v. *Carbolic Smoke Ball Co.*, [1892] 2 Q. B. 484.)

On first reading of this complaint, the impression may be gathered that the contract was one made between a doctor and his patient, whereby the patient agreed for a consideration to submit to the doctor's treatment. As there is no allegation in the complaint that the deceased was a licensed practitioner, it is claimed that the agreement is illegal, as violating the laws of this State. By section 1263 of the Education Law (Cons. Laws, ch. 16), and formerly chapter 174 of the Public Health Law (Cons. Laws, ch. 45), derived from Laws of 1907, chapter 344, section 15, any person who, not being lawfully authorized to practice medicine, practices such calling within this State, is guilty of a misdemeanor. It is said that this agreement called for treatment of the plaintiff by the deceased as a physician, and that it did not appear that he was licensed to practice. The answer to this claim is that the deceased may have been a physician. Nowhere in the pleadings does it appear that he was not a physician. The presumption is that contracts are legal until it appears upon their face or by pleading that they are illegal. The illegality of a contract, unless it does appear upon the face of the complaint, is a defense to be pleaded. (Civ. Prac. Act, § 242; *Milbank* v. *Jones*, 127 N. Y. 370; *Donnelly* v. *Bauder*, 217 App. Div. 59.) If, therefore, De Witt was not a licensed physician, the defendants should so have alleged in their answer. If it should appear upon the trial of this case that this agreement called for treatment by the deceased of the plaintiff for a disease, and that he was not a licensed physician, then the consideration, or

part of it, for De Witt's promise being illegal, the contract was void. (Williston on Contracts, §§ 134, 1782; Anson on Contracts [Corbin], § 261.)

The Appellate Division considered this contract to call for personal skill and knowledge, and, therefore, to end or terminate with the death of De Witt. Even if this be true, the complaint stated a good cause of action for the ten months in which he failed to pay the $1,000; and if the consideration which the plaintiff furnished by her promise and by her performance was legally sufficient, the promise of De Witt to pay her $1,000 a month during her life would be binding upon him and his estate, even if his acts or his performance should terminate on his death. A contract calling for personal skill and attention must of necessity terminate with the life of the person. The law follows this rule of necessity because it has no substitute for the special personal element contracted for. Performance of the acts called for by such contracts may end with the life of the promisor, but his other obligations may continue and survive his death. If, for instance, De Witt were a licensed physician and promised the plaintiff $1,000 a month during her life, if she would submit to experiments or operations upon her body in behalf of science, or for her cure, the obligation to pay the money upon performance by the plaintiff would not terminate at the death of De Witt. His contract was to pay, providing the consideration be legal, for the life of the obligee, not during the term of his own life. (*Hamer* v. *Sidway*, 124 N. Y. 538; Williston on Contracts, pp. 3299, 3300.)

The complaint contains many statements which may or may not be proved. As supplemented by the bill of particulars, they allege or infer that De Witt, by injections inoculated the plaintiff with syphilis germs, and that she was suffering from this disease, caused by this intentional or negligent act. If his promise was more or less to pay the plaintiff $1,000 a month during her

life, in consideration or in payment for the damage caused by his tort, we would have another case altogether. A payment by a promise may be as valid as a payment by anything else of value. (Williston on Contracts, § 148, p. 330.) However, until the nature of the action is developed upon the trial, it is unnecessary for us further to consider this question.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.