HENRY L. WARSHAK, Plaintiff, *v.* EASTERN AIR LINES, INC., Defendant.

City Court of the City of New York, Special Term, New York County, March 29, 1948.

*Harold L. Russell* for defendant.

*London, Simpson & London* for plaintiff.

COLEMAN, J. This is an action for damages sustained by the plaintiff through the defendant's failure to perform its contract. to transport the plaintiff by air from New York to Texas and by connecting carrier to Mexico. The defendant moves to dismiss the complaint on the grounds (1) that the court is without jurisdiction to hear the merits of the controversy, and (2) that the agreement upon which the plaintiff relies is in some respects unlawful. As to the first ground the defendant argues that the plaintiff must proceed before the Civil Aeronautics Board to establish his right to recover, and that until he does so, he cannot maintain this action (Civil Aeronautics Act of 1938, §§ 404, 1002, subd. [d]; U. S. Code, tit. 49, §§ 484, 642, subd. [d]). But this ignores the fact that the plaintiff has come into a common-law forum because of the alleged breach by a carrier of its contract to carry — a cause of action which time and again has been recognized as being within the jurisdiction of such a forum, in an action against a railroad company, for instance, notwithstanding the similar provisions of the Interstate Commerce Act (U. S. Code, tit. 49, § 1 *et seq.*) and the jurisdiction of the Interstate Commerce Commission (cf. *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.,* 237 U. S. 121; *Hewitt* v. *New York, N. H. & H. R. R. Co.,* 284 N. Y. 117). No questions of reasonableness of rates or validity of practices or of regulations is involved; the plaintiff takes the agreement he says he had with the defendant and charges the defendant with a breach; and this court may hear his complaint (cf. *Schwartzman* v. *United Air Lines Transp. Corp.,* 6. F. R. D. 517). The very act upon which the defendant relies states that it is not intended to deny to suitors a common-law remedy otherwise available (Act, § 1106; U. S. Code, tit. 49, § 676).

If the defendant had no power to make the agreement in question (and this brings us to the second ground of its motion),

then the court will dismiss the complaint after hearing the defendant and the plaintiff on the merits of this point. But it can only do so by taking jurisdiction to hear the case in its entirety and the point must be presented by way of defense (Civ. Prac. Act, § 242; *Brearton* v. *De Witt,* 252 N. Y. 495; *Milbank* v. *Jones,* 127 N. Y. 370).

The defendant's motion is denied. Settle order.