EUGENE A. BIANCHI, Formerly Doing Business under the Name of FEDERAL TRANSPORTATION LINES, Appellant, *v.* SEARS, ROEBUCK AND CO., Respondent.

Fourth Department, October 27, 1954.

*Samuel Levy* for appellant.

*William C. Combs* for respondent.

*Per Curiam.* This is a common carrier's action to recover from the shipper the amount of an alleged undercharge. Under the applicable tariff, the basic rate is charged for shipments picked up at the " doorway, platform or entrance to shipping or receiving room of consignor or consignee when directly accessible to carrier's motor vehicle at the street level ". An additional charge is provided for " When carrier upon request,

is obliged to perform pick-up or delivery service to or from the interior of a building ''. The question is whether plaintiff performed pickup service from the '' interior '' of a building.

Plaintiff's job was to pick up goods at defendant's pool warehouse for carriage to various Sears stores. The warehouse is divided into three rooms: A large stock room in which the goods are generally commingled; a smaller shipping room (referred to in the testimony as the '' bay room '') in which shipments destined for particular stores are segregated; and a shipping and receiving office contained in the bay room. Outside of the building and running the length of the bay room is a loading platform. The north wall of the building (and of the bay room) is a twelve-inch brick wall in which there are seven doorways leading to the platform. When these entrances are not in use during winter, the overhead metal doors are closed. The stock room and bay room are separated by a six-inch tile wall in which there are four wooden doors. These rooms are heated and illuminated alike. When the plaintiff came to load his truck, he backed up to the loading platform at the third or fourth door. Since a load included shipments to several stores, the merchandise would be found in several places in the bay room and had to be carried on hand trucks through the third or fourth door, across the platform, and into the motor truck.

We think that when, upon request, plaintiff went into the bay room, he was performing pickup service from the interior of a building. The north wall of the bay room, a twelve-inch brick wall, is the north wall of the building. The bay room is heated and illuminated and contains offices. Structurally and by use, it is an integral part of the building. Defendant could have availed itself of the lower rate by placing the goods on the platform or in the doorway or entrance, all of which are directly accessible to the trucks at the street level. What the actual practice between the parties has been is immaterial. The rate listed in the filed tariff is the only legal rate and must be collected. (Public Service Law, § 63-t, subd. 2; *New York Central & Hudson Riv. R. R. Co.* v. *General Elec. Co.,* 219 N. Y. 227; *Chicago & Alton R. R. Co.* v. *Kirby,* 225 U. S. 155.)

On the pleadings it is unnecessary to consider whether plaintiff could recover as to goods carried by him during periods when his certificate of public convenience and necessity was suspended. (Civ. Prac. Act, § 242; *Brearton* v. *De Witt,* 252 N. Y. 495.) The order appealed from should be reversed and the matter remitted to Special Term to determine the amount of plaintiff's damages.

WHEELER, J. (dissenting). My dissent is based upon the reasoning expressed by the trial court in his memorandum decision (203 Misc. 893.). This so-called " bay room " is but a small portion of defendant's warehouse, and, being contiguous to the open loading platform, is for all practical purposes a continuation of the loading platform. At least, this is the interpretation adopted over the years, not only by this plaintiff but by numerous other carriers using the same facilities.

We should construe the phrase " the interior of a building " in context with the remaining words " basement or above the ground floor   *   *   *   or at a point inaccessible to motor vehicle ". Adoption of the narrow meaning of " interior " would result in the extra charge every time a truckman stepped through the door of a building or into an entrance hall, even though it was for a very few feet. As I view it, such a result was never contemplated either by the tariff schedule or by the truckers, including the plaintiff, who picked up freight from this warehouse.

I vote to affirm the judgment.

All concur, except WHEELER, J., who dissents and votes for affirmance, in opinion. Present — VAUGHAN, J. P., KIMBALL, PIPER and WHEELER, JJ.

Order insofar as appealed from reversed on the law and facts, with $10 costs and disbursements, and matter remitted to the Special Term for further proceedings in accordance with the opinion. [See 285 App. Div. 864.]