■ VIRGINIA BRUM et al., Doing Business as BULL SHOW CIRCUS COMPANY, Respondents, v CITY OF NIAGARA FALLS, Appellant.—Judgment unanimously reversed on the law without costs and claim dismissed. Memorandum: Plaintiffs contracted with defendant to lease an arena for presentation of a Portuguese "bloodless" bullfight. Defendant canceled the contract after being informed by humane societies and advised by its Corporation Counsel that such a performance would violate State law (see, Agriculture and Markets Law §§ 351, 352). A jury found that defendant did not breach the contract, but found that defendant was negligent for failing to investigate the legality of the proposed performance and awarded plaintiffs damages. We reverse.

There can be no negligence without violation of a duty. Whether defendant owes a duty to plaintiff is entirely a question of law to be determined by the courts (Donahue v Copiague Union Free School Dist., 64 AD2d 29, 32, affd 47 NY2d 440; see also, Prosser and Keeton, Torts § 53, at 357-358 [5th ed]). A party to a contract has no legal duty to investigate the legality of the subject matter of the contract. There is a presumption that a contract is legal. If a party thinks otherwise it may cancel the contract and, if sued, plead illegality as

an affirmative defense *(see,* CPLR 3018 [b]; *Brearton v De Witt,* 252 NY 495; *National Recovery Sys. v Mazzei,* 123 Misc 2d 780, 781). Here, plaintiffs' remedy was limited to a cause of action for breach of contract, which the jury rejected. Merely alleging a breach of a duty by "employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" *(Clark-Fitzpatrick Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 390). On this record there is no evidence of any fraud, misrepresentation or overreaching by the defendant to subject it to liability for breach of a duty distinct from a breach of the contract *(cf., North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 179). Accordingly, the trial court should not have submitted plaintiffs' negligence cause of action to the jury and the judgment entered upon the verdict in favor of the plaintiffs must be reversed and their claim dismissed. (Appeal from judgment of Supreme Court, Niagara County, Doyle, J.—negligence.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.