■ ENVIRONMENTAL SAFETY AND CONTROL CORPORATION, Appellant, v BOARD OF EDUCATION OF CAMDEN CENTRAL SCHOOL DISTRICT, Respondent and Third-Party Plaintiff-Respondent. RJD, ARCHITECT P. C., Third-Party Defendant-Respondent. (Appeal No. 1.)

There is a triable issue of fact which precludes plaintiff's claim for partial summary judgment on its claim for additional work *(see, Balport Constr. Co. v New York Tel. Co.,* 111 AD2d 360). The contract provisions with respect to the amount of work to be performed under Alternate #2, which provided for the abatement of asbestos in the dirt floor located in the crawlspace under the school building, are ambiguous. Alternate #2 of the contract appears to require plaintiff to clean 22,867 square feet of dirt floor. Addendum 2 of the contract, however, limits the dirt floor square footage under this alternative to a maximum of 5,748 square feet. Where, as here, the contract is ambiguous and subject to different interpretations and the intent of the parties depends upon a choice between reasonable inferences to be drawn from extrinsic evidence, interpretation of the contract must be determined by the trier of fact *(see, Amusement Business Underwriters v American Intl. Group,* 66 NY2d 878, 880-881; *River Park Assocs. v Meyerbank Elec. Co.,* 116 AD2d 709, 710.

Supreme Court erred, however, in denying plaintiff's motion to dismiss defendant's counterclaims based in negligence.

Defendant's first, third and fifth counterclaims allege that plaintiff "carelessly, negligently and improperly performed under the agreement". A simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). Merely alleging a breach of a duty by employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim *(Brum v City of Niagara Falls,* 145 AD2d 928, 929, *lv denied* 74 NY2d 608). Defendant has not alleged the violation of a legal duty independent of the contract. Defendant's remaining counterclaims based upon alleged breach of contract should also have been dismissed based upon defendant's failure to comply with the condition precedent of written notice as required by paragraph 3.4.1 of the general conditions of the contract *(see, Stage v Village of Owego,* 48 AD2d 985, 986, *affd* 39 NY2d 1017). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.